CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 30 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:96-cr-00109 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LAWRENCE WOODARD, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant Lawrence Woodard ("Defendant") filed a Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255, on June 24, 2016, and the government filed a motion to dismiss. After various stays pending the outcomes of relevant cases, the matter is now ripe for consideration.

Defendant was tried and convicted in 1997 of conspiracy to distribute narcotics. At sentencing, Defendant was designated a career offender pursuant to U.S.S.G. § 4B1.1 (1995). His offense level and sentencing range were adjusted accordingly, subjecting him to a then-mandatory sentence of 262–327 months. I sentenced Defendant to 327 months incarceration.

On June 24, 2016, the Fourth Circuit Court of Appeals issued an Order authorizing Defendant to file a second or subsequent motion under § 2255, which Defendant did that same day. [ECF No. 104.] Following several stays, the government filed a Motion to Dismiss Defendant's § 2255 motion on May 25, 2018. The matter is now ripe for disposition.

Defendant asserts that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Beckles v. United States, 137 S. Ct. 886 (2017), the application of the career offender guideline violated his constitutional rights. Specifically, he contends that his prior conviction for felony assault no longer qualifies as a predicate offense because language identical to the language

found unconstitutionally void in Johnson undergirded his career offender designation in the then-mandatory guidelines.

Pursuant to 28 U.S.C. § 2255, a prisoner may seek to set aside, correct, or vacate a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Under 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." An exception to this strict rule arises when the § 2255 motion is predicated on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). At that point, the one-year limitations period begins anew *with regard only to the newly recognized right*.

In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, which defined a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague and accordingly struck down that section of the ACCA. Johnson, 135 S. Ct. at 2563. In Beckles, the Court found that an identically worded guidelines provision in the career offender section was *not* void when the guidelines are only advisory because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ." Beckles, 137 S. Ct. at 890. It reserved, however, the question of whether a "defendant sentenced to terms of imprisonment before [its] decision in United States v. Booker—that is, during the period in which the Guidelines *did* 'fix the permissible range of sentences'—may mount vagueness attacks on their

sentences." Id. at 903 n.4 (Sotomayor, J., concurring); see also United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017).

In United States v. Brown, the Fourth Circuit held that a defendant asserting a challenge to the application of the career offender guidelines in a mandatory guidelines sentence post-Johnson has not asserted a new constitutional right that had been recognized by the Supreme Court. Citing "the narrow nature of Johnson's binding holding, and Beckles's indication that the position advanced by Petitioner remains an open question in the Supreme Court," the Fourth Circuit found a petition identical to Defendant's to be untimely under § 2255(f). Brown, 868 F.3d at 303. Although the Supreme Court ruled in Beckles that the challenged language was not unconstitutionally vague, it reserved a decision on whether that same language, cited pre-Booker in a mandatory guidelines sentence, was similarly permissible or rather equivalent to the vague language struck down in Johnson. Accordingly, Defendant's § 2255 motion to vacate his sentence was not filed within one year of the date his sentence became final, is untimely, and will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Defendant and all counsel of record.

ENTERED this 30th day of August, 2018.

SENIOR UNITED STATES DISTRICT JUDGE