CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:96-cr-109 |
| v. ) | |
| ) | |
| ) | |
| LAWRENCE WOODARD, ) | By: Michael F. Urbanski |
| Defendant ) | Senior United States District Judge |

## MEMORANDUM OPINION

Defendant Lawrence Woodard ("Woodard"), proceeding pro se, asks this court to enter an order ensuring that all of his "medical information be kept private." Def.'s Mot. Seal, ECF No. 151. For the reasons set forth below, Woodard's motion is **DENIED**.

## BACKGROUND

In 1997, Woodard was sentenced to 327 months of incarceration after having been tried and convicted of conspiracy to distribute narcotics. Mem. Op., ECF No. 119, at 1. On May 24, 2022, Woodard filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 128. Woodard filed a motion to seal Exhibit 2 of his motion for a sentence reduction—an exhibit containing Woodard's medical records. ECF No. 129; see also Govt's Mot. Seal, ECF No. 145 (seeking to seal similar medical materials). This court granted Woodard's motion to seal in an oral order that same day. ECF No. 130. In his motion for a sentence reduction, which was filed by counsel, Woodard argued that his "cancer diagnosis provide[d] an extraordinary and compelling reason for compassionate release." ECF No. 128, at 6. Indeed, Woodard's motion made extensive reference to both his health condition and his susceptibility to COVID-19. Id. at 6–8. Notably, neither Woodard's motion for a sentence

reduction nor five of the six accompanying exhibits were filed under seal. Mot. Sentence Reduction, ECF No. 128. Woodard's motion for a sentence reduction was denied by this court in an order entered on January 31, 2024. ECF No. 148. In the memorandum opinion accompanying the order, the court repeated the information about Woodard's cancer diagnosis that was provided by his attorney in her motion and discussed one laboratory finding related to the cancer. The court also discussed in very general terms the results of tests done on Woodard's blood. See Mem. Op., ECF No. 147 at 6–8. Thus, nothing in the court's discussion of Woodard's medical records went any further or revealed any more information than that offered by his attorney in her motion and supporting records.

On March 14, 2024, Woodard filed a pro se motion to seal the memorandum opinion entered on January 31, 2024, "due to the sensitive nature of the medical information discussed." ECF No. 149. The memorandum opinion was sealed via oral order. ECF No. 150.

On October 25, 2024, Woodard filed the current motion to seal. Def.'s Mot. Seal, ECF No. 151. In the pending motion, Woodard asks that "all information in this matter on January 31, 2024, be kept private and sealed." Id. The court construes this request as a motion to seal all the records related to the motion for a sentence reduction. Woodard argues that he did not give his consent or his authorization for his medical condition to be made public. Id. Woodard's primary concern appears to be that the memorandum opinion in this case was published by at least two legal publishing services before it was sealed. See, e.g., United States v. Woodard, No. 7:96-cr-109, 2024 WL 382445 (W.D. Va. Jan. 31, 2024).

2

## ANALYSIS

The Supreme Court has noted that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 345 U.S. 589, 597 (1978) (internal footnote omitted). "Criminal proceedings and related documents are . . . presumptively open to the public." United States v. Doe, 962 F.3d 139, 145 (4th Cir. 2020) (citing Press-Enter. Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004)). However, such a presumption may be overcome, the strength of the right of access being contingent on "whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." Id. The common law "presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Doe v. Public Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (quoting Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access does not apply to all judicial documents, but "only to particular judicial records and documents," with a restriction of access permitted if "necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." Id. (internal quotations omitted). Whether protected by the common law or First Amendment, the right of public access "may be abrogated only in unusual circumstances." Id.

In United States v. Doe, the Fourth Circuit considered whether "the public's right to access [a] district court's order denying a defendant's § 3582 motion ar[o]se[] from the First Amendment or the common law." 962 F.3d at 145. The court noted that:

3

> Our precedent largely supports applying the public's First Amendment right of access to the district court's order. We have held that the First Amendment right applies to sentencings and plea hearings, as well as to documents filed in connection with those proceedings. And, in the context of a summary judgment motion, we have concluded that the First Amendment right extends to a judicial opinion when the underlying materials and evidence forming the substance of an opinion are already covered. Accordingly, the document at issue here—a court order denying a sentence reduction—is likely encompassed by the First Amendment right of access.

Id. at 146 (citations omitted). However, the court went on to state that it "need not," and would not "conclusively decide th[e] issue," since the defendant's interest in sealing outweighed competing interests under either a common law or First Amendment analysis. Id. Assuming, like the Fourth Circuit in United States v. Doe, that this court's memorandum opinion is subject to the First Amendment public right of access, sealing would be required "only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." Id. (internal quotations omitted).

While district courts within this circuit have considered keeping sensitive and personal medical information private to be such a governmental interest, see, e.g., Alston v. Jones, 1:19-cv-96, 2022 WL 1656636, at *3 (M.D.N.C. May 24, 2022); Fulp v. Columbiana Hi Tech, LLC, 16CV1169, 2018 WL 1027159, at *10 (M.D.N.C. Feb. 21, 2018), Woodard's claim fails the second prong of the test—that such a compelling interest has substantial probability of being harmed in the absence of sealing. In Alston, 2022 WL 1656636, at *3, the court grappled with the protection of "sensitive and personal medical information" in the civil context. In denying the plaintiff's motion to seal medical records, the court noted that "these specific records are

4

at the heart of [the plaintiff's] medical negligence claim and to the public's understanding of the basis for the Court's summary judgment decision." Id. The court emphasized that the records contained "little information beyond what [was] in pleadings and briefs on the public record." Id. Notably, the court did seal some of the plaintiff's medical record, though not what was relevant to the dispute. Id. at *5. Similarly, the court in Clark v. Quesinberry refused to seal a document where "the [p]laintiff [] placed his medical condition . . . at issue in th[e] lawsuit." No. 7:20-cv-00057, 2021 WL 5238601, at *2 (W.D. Va. May 11, 2021); see also Johnson v. City of Fayetteville, No. 5L12-CV-456-F, 2014 WL 7151147, at *11 (E.D.N.C. Dec. 11, 2014) ("[W]here a party voluntarily puts his or her medical information or status into issue, it is more difficult to find that the party's privacy interests constitute a compelling interest that outweighs the First Amendment right of access to documents, even if the documents are medical records.").

Here, as in Alston, this court's discussion of Woodard's health, indeed all health-related information discussed, was "at the heart of" Woodard's motion for a sentence reduction. In fact, Woodard's own motion for a sentence reduction relied upon information pertaining to his health condition to support such a reduction, see ECF No. 128 at 6–8, making Woodard's health an issue in the resolution of the motion. As this court relied upon such information in ultimately denying relief, the public too would require access to such information in the memorandum opinion to "understand[] [] the basis for the Court's . . . decision." Alston, 2022 WL 1656636, at *3.

Further, Woodard's attorney discussed his cancer diagnosis in some detail in the motion for a reduced sentence that she filed on his behalf. The attorney also discussed the

5

results of blood work done in prison. See Mot., ECF Nos. 128 at 6–8, 128-3. Although the attorney filed a motion which the court granted that the actual medical records be sealed, no such request was made regarding the motion itself or the results of the blood work. While district courts within the Fourth Circuit have often held that access to medical records may be restricted, such cases involve sealing the medical records themselves.[1] The current information at issue is more analogous to situations where a party seeks to seal information that is already publicly available, in which case district courts have denied motions to seal. See Trapp v. Suntrust Bank, No. 1:15-CV-937, 2016 WL 6833986, at *4 (M.D.N.C. Nov. 18, 2016) (determining that parts of a deposition, subject to the common law right of access protection, would not be sealed where they were "already publicly available"); United States v. Johnson, No. 1:22-cr-00016-MR-WCM-1, 2024 WL 1661700, at *1 (W.D.N.C. Apr. 17, 2024) (noting that "certain portions of Defendant's exhibits appear to contain material that is already publicly available and therefore, that is not appropriate for sealing"); United States v. Earquhart, No. 5:17-CR-134-BR, 2021 WL 2481675, at *2 (E.D.N.C. June 17, 2021) (finding the "defendant . . . waived any interest in the confidentiality of the documents" where such information was initially filed without any request to seal); Certusview Techs., LLC v. S&N Locating Servs., LLC, 198 F. Supp. 3d 568, 588 n.12 (E.D. Va. 2016) ("[T]o the extent that the parties have discussed the contents of these sealed documents in their filings, briefings, and in open court, or have entered such documents into evidence, the Court considers the

---

[1] See, e.g., United States v. Maldonado, No. 1:14-cr-338 (RDA), 2022 WL 7610270, at *6 (E.D. Va. Oct. 13, 2022); United States v. Baldwin, No. 3:21-CR-253-MOC-DCK, 2024 WL 3837882, at *1 (W.D.N.C. Aug. 14, 2024); United States v. Lewandowski, No. DKC 14-0082, 2021 WL 391696, at *4 (D. Md. Feb. 4, 2021); United States v. Teyf, No. 5:18-CR-452-FL-1, 2019 WL 346401, at *2 (E.D.N.C. Jan. 28, 2019).

parties' arguments regarding the need for such information to be sealed to have been waived." (citation omitted)).

Based on the foregoing, although the court sealed the memorandum opinion in this case at Woodard's request, it **DENIES** his motion to seal all the records related to his motion for a sentence reduction, as he is not entitled to such relief. To the extent Woodard complains that the memorandum opinion was published in the interim between when it was docketed and when it was sealed, the court has no authority to ask the publishing companies to remove the opinion from their websites.

## CONCLUSION

For the reasons stated above, the court finds that Woodard's motion to seal, ECF No. 151, is **DENIED**.

An appropriate order will be entered.

Entered: March 13, 2025

Michael F. Urbanski
Senior United States District Judge